## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA, ex rel
KEVIN LEE, appearing QUI TAM                                    Case No.

     Plaintiff/Relator,                                              Hon.

v

JOSEPH BIRD, ANTHONY DIETZ, BRIAN
MAHANY, SHAREEF ABDOU, MAHANY &
ERTL, LLC, DAVID G. WASINGER,
THE WASINGER LAW GROUP, PC
and EDWARD J. O'DONNELL,

     Defendants.

_____/

## VERIFIED COMPLAINT

### Filed Under Seal

Relator Kevin Lee brings this qui tam action, and related causes of action, on behalf of the

United State of America, against Joseph Bird, Anthony Dietz, Brian Mahany, Shareef Adbou,

Mahany & Ertl, LLC, David G. Wasinger, The Wasinger Law Group, P.C. and Edward J.

O'Donnell alleging as follows:

### INTRODUCTION

1.     This is a qui tam action under the False Claims Act ("FCA") by the United States

of America, by relator, Kevin Lee, to recover treble damages and civil penalties

under the FCA, as amended, 31 USC § 3729, et seq. arising from false claims

against the United States in connection with a prior false claims lawsuit titled

*United States of America, ex rel, Edward O'Donnell, appearing QUI TAM v*

*Countrywide Financial Corp. et, al,* Case No. 14-cv-04038, USDC SDNY. (The

2014 O'Donnell case).

2.  This action also seeks to recover treble damages and civil penalties under the FCA, 31 USC § 3729, et seq. arising from false claims against the United States in connection with a prior false claims lawsuit titled *United States of America ex rel. Shareef Abdou v Countrywide Financial Corp. et, al, Bank of America, N.A. et, al*, 14-cv-00268, US DIST CT, SDNY.  (the "Abdou Complaint").

### THE O'DONNELL LAWSUIT

3.  In the 2014 case, O'Donnell made claims under the FCA against Countrywide Financial, Corp., Countrywide Home Loans, Inc., Countrywide Bank, FSB, Bank of America Corp. and Bank of America, N.A.  ("BOA").  That Complaint is attached hereto as **Exhibit A**.

4.  Paragraph 12 of the 2014 Complaint states that "The allegations in this suit are not based on prior public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation…."

5.  Prior to the 2014 case, O'Donnell had filed a claim under the FCA titled *United States of America, ex rel, Edward O'Donnell, appearing QUI TAM v Bank of America Corp., successor to Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Full Spectrum Lending*, Case No. 12-cv-01422, USDC SDNY.  (The 2012 case).  That Complaint is attached hereto as **Exhibit B**.

6.  The FCA allegations in the 2012 case were pursuant to nearly identical conduct alleged in the 2014 case.

7.  While the 2012 case was ultimately successful under FIRREA claims at the District Court level, the FCA claims were dismissed with prejudice on May 8, 2013.  See Order, **Exhibit C**.

8.     Despite the dismissal with prejudice on the FCA claims in 2013, O'Donnell brought claims under the FCA in 2014 for the same conduct.

9.     The 2014 case was originally filed under seal on June 4, 2014.  Amazingly, in August of 2014, it was announced that the case was settled.  O'Donnell and his attorney, David G. Wasinger were awarded $56 million dollars under the provisions of the FCA,

10.    O'Donnell's filing of a lawsuit for conduct that was previously litigated in another action and subsequent claim for payment, is a violation of the FCA.

11.    In no event may a person bring an action under the FCA "which is based upon allegations or transactions which are the subject of a civil suit…in which the Government is already a party."  31 USC §3730(e)(3).

12.    The United States of America was a party to the 2012 O'Donnell lawsuit.  See **Exhibit D**, Amended Complaint.

13.    Additionally, the 2014 O'Donnell FCA claims are barred by res judicata.

14.    As previously stated, O'Donnell alleged in paragraph 12 of the 2014 Complaint that "The allegations in this suit are not based on prior public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation…" See **Exhibit B**.

15.    The FCA provides that a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" is liable to the United States Government. 31 USC §3729(a)(1)(A).

16.    The FCA also provides that a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable to the United States Government.  31 USC §3729(a)(1)(B).

17.    Defendants "knowingly" submitted a false claim for payment as defined under the FCA when they requested an award of a portion of a BOA settlement.  Defendants O'Donnell and Wasinger did in fact receive a payment of $56 million in the BOA settlement.

18.    Defendants filed the 2014 lawsuit with the anticipation of getting paid for allegations that were already disclosed and dismissed in the 2012 lawsuit.

## THE ABDOU LAWSUIT

19.    The Abdou Complaint was filed on January 14, 2014.  Abdou was represented by Defendants herein, Joseph Bird, Anthony Dietz and Brian Mahany.

20.    The Abdou Complaint should have been barred for the same reasons the O'Donnell Complaint should have been barred i.e the information was already public and litigated in the O'Donnell 2012 lawsuit.

21.    As with the O'Donnell matter, the Abdou Complaint settled relatively quickly, with Abdou and his counsel receiving $48 million from the United States Government.

22.    The Abdou Complaint remains sealed, even though the court ordered for it to be unsealed.

23.    Abdou is currently suing his former counsel, and Defendants herein, claiming that they did little work for such a large payment. *Abdou v Mahany, et, al* 19-cv-01824 (USDC SDNY).  (the "Mahany lawsuit").  Upon information and belief, Abdou

received $32 million from the BOA settlement, and is now suing his attorneys for the approximately $16 million paid to Bird, Dietz and Mahany.

24.     Abdou confesses in the Mahany lawsuit that he or his counsel were contacted by the DOJ in the Fall of 2013 and advised that the Government intended to file suit against "the Bank" and "if Mr. Abdou did not want to miss his opportunity to be a relator under the FCA – and to recover a percentage of the government's recovery – he needed to file an action under the FCA immediately." See paragraph 46 of the Mahany lawsuit, attached as **Exhibit E**.

25.     Defendant Mahany confessed this same arrangement in a deposition on April 10, 2015 in a deposition in another lawsuit. The Abdou Complaint was filed at the suggestion of the U.S. Attorney's Office. See **Exhibit F,** page 46, lines 7-14.

26.     Abdou complains that his attorneys received "over $15 million in attorneys' fees for doing little, if any, work on the FCA case…" **Exhibit E**, paragraph 76.

27.     All of the foregoing supports the correspondence from Relator herein, Kevin Lee, to the United States Government that the Abdou and O'Donnell complaints and subsequent awards were improper and barred by the FCA.

## JURISDICTION AND VENUE

28.     Plaintiff/Relator Kevin Lee is a citizen of the United States and resides in the State of Michigan.

29.     Defendant Joseph Bird is an attorney in Michigan, conducting business in Birmingham, Michigan and he resides in Michigan.

30.     Defendant Anthony Dietz is an attorney in Michigan, conducting business in Milford, Michigan and he resides in Michigan.

31.     Upon information and belief Defendant Shareef Abdou resides in Tarzana, California.

32.     Upon information and belief, Defendant Brian Mahany resides in Belleair Bluffs, Florida.

33.     Upon information and belief, Mahany & Ertl, LLC was a Wisconsin limited liability company and at all times relevant conducted business in Walled Lake, Michigan via Joseph Bird and Anthony Dietz.  Mahany & Ertl, LLC dissolved in 2015.

34.     Upon information and belief Defendant Edward J. O'Donnell resides in Pittsburgh, Pennsylvania.

35.     Upon information and belief Defendant David G. Wasinger resides in St. Louis, Missouri.

36.     At all times relevant Defendant, The Wasinger Law Group, P.C. was located in St. Louis, Missouri.

37.     This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331, and the FCA, particularly 31 USC §3732(a), which specifically confers jurisdiction over actions brought pursuant to 31 USC §3729 and §3730, and further, two of the Defendants and Relator are located within this District.

**CONDITIONS PRECEDENT**

38.     Pursuant to 31 USC §3729 et seq, this Complaint is to be filed in camera and under seal and is to remain under seal for a period of at least sixty days and shall not be served on Defendants until the Court so orders.   Further, the United States Government may elect to intervene and proceed with the action within the sixty-

6

day time frame after it receives both the Complaint and the material evidence submitted to it.

39.     Further, the Relator herein is an original source under the aforementioned statute. As more fully set forth in this Complaint, Relator has direct and independent knowledge of the information on which the allegations herein are based. Relator has independent knowledge that the 2014 O'Donnell FCA lawsuit and the 2014 Adbdou lawsuit were barred because of prior public disclosure and prior government action and did not qualify for an award to the Relators.

40.     The Relator is the first person to reveal the improper nature of the Abdou Complaint and O'Donnell 2014 Complaint from non-public information.

41.     Relator has voluntarily provided material information alleged herein to the Federal Government before filing this action.

42.     Contemporaneous with filing this Complaint, Relator is serving a copy of same upon the United States together with all material evidence and information he possesses, pursuant to the requirements of 31 USC §3730(b)(2).

43.     Relator has complied with all other conditions precedent to bringing this action.

### ALLEGATIONS COMMON TO ALL COUNTS

44.     Relator incorporates the preceding paragraphs as if more fully set forth herein.

45.     Relator herein was previously involved with a separate qui tam action titled *United States of America v Allied Home Mortgage Corp*, 11-cv-05443, USDC, SDNY. Later transferred to the Southern District of Texas and assigned case No. 12-cv-02676.

46.     The Allied Mortgage lawsuit involved the same issues as the 2012 and 2014 O'Donnell lawsuits and the Abdou Complaint, only different parties.  The issues involved government-backed mortgages and the practices of financial institutions that led to the mortgage crisis of 2008.

47.     Relator's participation in the investigation and civil prosecution of financial institutions made him and the counsel involved privy to correspondence from the U.S Attorney's Office, SDNY, including emails, that were not known to the public.

48.     As part of Relator's participation in the Allied Mortgage lawsuit he was privy to telephone calls between the Department of Justice and attorneys representing Plaintiffs in the Allied matter as well as the related lawsuit titled *United States of America ex, rel. Shareef Abdou v Countrywide Financial Corp. et, al, Bank of America, N.A. et, al*, 14-cv-00268, US DIST CT, SDNY and the O'Donnell litigation.

49.     Relator's contact with the attorneys involved in representing Plaintiffs in the Allied Mortgage lawsuit as well as the Abdou lawsuit gave him access to private conference calls and emails between the Department of Justice and the Plaintiffs' attorneys

50.     On September 29, 2017 Relator advised the United States Department of Justice of the wrongful conduct of O'Donnell and his attorney, as well as Abdou and his attorneys.  (See **Exhibit G**).

51.     On March 28, 2018 the Department of Justice advised Relator that it would not be pursuing the matter and advised Relator to seek a private attorney for consultation. (See **Exhibit H**).

## THE FALSE CLAIMS ACT

52.     The False Claims Act provides liability for any person (i) who "knowingly presents, or cause to be presented, a false or fraudulent claim for payment or approval"; or (ii) who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or who "conspires to commit" such a violation. 31 USC §3729(a)(1)(A)-(C).

53.     The False Claims Act further provides that any person who violates the Act: "is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,000]…plus 3 times the amount of damages which the Government sustains because of the act of that person" 31 USC §3729(a); see 20 CFR §85.3(a)(9).

## COUNT I

**Violations of the False Claims Act 31 USC §3729(a)(1)(A), Causing False Claim**

54.     Relator incorporates the preceding paragraphs as if more fully set forth herein.

55.     The Relator seeks relief against Defendants under 31 USC §3729(a)(1)(A) of the False Claims Act.

56.     As set forth above, Defendants knowingly, or acting with deliberate ignorance and/or with reckless disregard for the truth, presented and/or caused to be presented, to an officer or employee of the Government, false and fraudulent claims for payment or approval in connection with the 2014 lawsuits filed by Defendants.

57.     The United States Government paid $56 million to Defendants related to the wrongful 2014 lawsuit.

58.     The United States Government paid $48 million related to the Abdou lawsuit.

59.     By reason of the false claims of Defendants, the United States of America has been damaged in the amount of $56 million and is entitled to treble damages and a civil penalty as required by law related to the O'Donnell 2014 lawsuit.

60.     By reason of the false claims of Defendants, the United States of America has been damaged in the amount of $48 million and is entitled to treble damages and a civil penalty as required by law related to the Abdou lawsuit.

## COUNT II

**Violations of the False Claims Act, 31 USC §3729(a)(1)(B), Use of False Statements**

61.     The Relator seeks relief under Section 3729(a)(1)(B) of the False Claims Act, 31 USC §3729(a)(1)(B).

62.     As set forth above, Defendants knowingly, or acting in deliberate ignorance and/or with reckless disregard of the truth, made, used, or caused to be made or used, false records and/or statement material to false or fraudulent claims in connection with the 2014 lawsuits filed by Defendants.

63.     The United States Government paid $56 million and $48 million respectively to Defendants related to the wrongful 2014 lawsuits.

64.     By reason of the false records and/or statements of Defendants, the United States of America has been damaged in the amount of $104 million, and is entitled to treble damages and a civil penalty as required by law.

## COUNT III

**Violations of the False Claims Act, 31 USC §3729(a)(1)(C ), Use of False Statements**

65. The Relator seeks relief under Section 3729(a)(1)(C ) of the False Claims Act, 31 USC §3729(a)(1)(C ).

66. In the alternative the Wasinger Defendants and Defendants Bird, Dietz and Mahany conspired to commit a violation of the FCA when they filed the 2014 Complaints on behalf of their clients.

67. The United States Government paid $56 million to Defendants related to the wrongful O'Donnell 2014 lawsuit.

68. The United States Government paid $48 million to Defendants related to the wrongful Abdou lawsuit.

69. By reason of Defendants conspiring to commit a violation of the FCA as set forth in Counts I and II above, the United States of America has been damaged in the amount of $104 million related to the O'Donnell and Abdou lawsuits, and is entitled to treble damages and a civil penalty as required by law.

WHEREFORE, the Relator respectfully requests that judgment be entered against Defendants in his favor as follows:

      a.    A judgment for the United States of America, treble damages, and civil penalties for the maximum amount allowed by law;

      b.    An award of costs pursuant to 31 USC §3730(d);

      c.    An award of attorney fees as allowed by law;

      d.    Such other and different relief as is just and equitable.

Pursuant to 28 USC § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    8/19/20            _Kevin Lee_

                                     Kevin Lee, Relator

Respectfully submitted,

_/s/ Aaron D. Cox___
Aaron D. Cox (P69346)
Attorney for Relator
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664


_/s/ Mark K. Wasvary__
Mark K. Wasvary (P51575)
Attorney for Relator
2401 W. Big Beaver Road, Suite 100
Troy, MI 48084
(248) 649-5667